UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

-against-

NIRMAL LORICK,

Defendant.

ANALISA TORRES, District Judge:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/20/2026__

24 Cr. 340 (AT)

**ORDER**

On November 12, 2024, Defendant Nirmal Lorick was sentenced to one year of

probation, with 1,000 hours of community service and $142,000 in restitution, to be paid in

monthly installments of at least five percent of his gross monthly income to the victim of his

offense, the New York City Housing Authority, pursuant to the Mandatory Victims Restitution

Act ("MVRA"), 18 U.S.C. § 3663A. *See* Consent Order of Restitution ("COR") ¶ 1–2, ECF

No. 34; Judgment at 2, 4–6, ECF No. 35.[1]  As of August 29, 2025, Lorick has paid $73,600

toward his restitution obligation, and with interest, his outstanding restitution obligation is

$72,147.  Def. Ex. C, ECF No. 46-3 (Defendant's payment history toward restitution through

August 17, 2025); Reply at 2, ECF No. 47; *see also* 18 U.S.C. § 3612(f); Judgment at 5.  The

Government moves for an order directing the Municipal Credit Union ("MCU") and the City of

New York Deferred Compensation Plan ("NYCDCP") to turn over the full liquidated value of

Lorick's non-tax-exempt property to the Clerk of Court to satisfy a portion of Lorick's

outstanding restitution obligation under 18 U.S.C. §§ 3613, 3664(m), Federal Rule of Civil

Procedure 69(a)(1), and N.Y. C.P.L.R. § 5225(b).  *See* Mot., ECF No. 42; Mem., ECF No. 44.

Lorick does not contest the entry of a turnover order with respect to funds in his MCU account

---

[1] Although Lorick's probation term ended on November 11, 2025, he is still responsible to pay restitution 20 years from the entry of judgment or until his death.  *See* Judgment at 2; COR ¶ 5; 18 U.S.C. § 3613(b).

but opposes the Government's request for the turnover of funds in his NYCDCP Account.  Opp. at 1, ECF No. 46.  For the reasons stated below, the Government's motion is denied.

## LEGAL STANDARD

Under 18 U.S.C. § 3613(a), upon the entry of an order of restitution, a lien arises in favor of the Government "on all property and rights to property" of the Defendant.

The Government may enforce an order of restitution in accordance with 18 U.S.C. §§ 3571–3574 and 3611–3615 or "by all other available and reasonable means."  18 U.S.C. § 3664(m)(1)(A)(i)–(ii).  The Government may, therefore, collect restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."  18 U.S.C. § 3613(a), (f); *see also United States v. Cohan*, 798 F.3d 84, 89 (2d Cir. 2015) ("[N]othing precludes the government from initiating a collection proceeding under an existing criminal docket number in order to collect a fine or restitution ordered as part of the criminal sentence." (quotation marks omitted)).

Under Federal Rule of Civil Procedure 69(a)(1), post-judgment efforts to enforce a money judgment "must accord with the procedure of the state where the court is located."  *See Kelly Toys Holdings, LLC v. alialialiLL Store*, 606 F. Supp. 3d 32, 57 (S.D.N.Y. 2022).  In New York, the relevant procedure is governed by Article 52 of the Civil Practice Law and Rules, which provides that, "[u]pon a special proceeding commenced by the judgment creditor[] against a person in possession or custody of money or other personal property in which the judgment debtor has an interest," and "where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee," a court "shall require such person to pay the money" to the judgment

creditor. N.Y. C.P.L.R. § 5225(b).[2]  In sum, § 5225(b) requires a two-step analysis.  "First, it must be shown that the judgment debtor 'has an interest' in the property the creditor seeks to reach."  *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840–41 (2d Cir. 1991).  Second, a court "must find either that the judgment debtor is 'entitled to the possession of such property,' *or* it must find that 'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is."[3]  *Id.*

## DISCUSSION

The Government seeks to immediately possess the fully liquidated value of Lorick's MCU and NYCDP accounts arguing that a lien in its favor on all of Lorick's property arose after the Court ordered restitution, and such liquidation would "satisfy more than 70% of [Lorick's] unpaid restitution."  Childs Decl. ¶ 9, ECF No. 43; Mem. at 3–4, 6.  Lorick agrees to turn over the "entirety of his MCU Account" but argues that an order requiring him to turn over funds in his NYCDCP Account:  (1) is contrary to the Court's order determining that he should pay restitution in monthly installments; (2) would "force him to incur tax liabilities that he otherwise would not incur"; and (3) would "pose a significant financial hardship on him now and in the future."  Opp. at 2.[4]

---

[2] Despite the law's use of the term "special proceeding," a judgment creditor may proceed by motion and need not commence such a proceeding so long as the Court has personal jurisdiction over the third party in possession of the judgment debtor's property. *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 469–70 (2d Cir. 2018). The Court possesses personal jurisdiction over MCU, which is "headquartered in Manhattan," and NYCDCP, which "is an employee benefit plan located in this district that provides benefits to employees of the City of New York, including those of the New York City Housing Authority, which is the victim in this case." Mem. at 6 n.3.

[3] The judgment creditors must also serve notice of the proceeding upon the judgment debtor "in the same manner as a summons or by registered or certified mail, return receipt requested," N.Y. C.P.L.R. § 5225(b), which the Government has done here, *see* Childs Decl. ¶ 5, ECF No. 43.

[4] The Court is not persuaded by Lorick's second and third arguments. As the Government argues, *see* Reply at 8, potential financial hardship or ordinary tax consequences are not reasons by themselves to excuse Lorick from his restitution obligations. *See United States v. Jaffe*, 417 F.3d 259, 267 (2d Cir. 2005) ("Because the district court retains jurisdiction to amend or adjust the restitution order if there is any material change in [the defendant's] economic circumstances, the uncertainty of his financial situation is irrelevant. . . . The district court ordered restitution according to [the defendant's] circumstances at the time the order was issued. If in the future [the defendant's] relevant circumstances change[,] that will be the appropriate time to alter the restitution order.") (citing

I.       Interest in the Property

First, the Government has an interest in the funds held in Lorick's MCU and NYCDCP accounts as a judgment creditor pursuant to 18 U.S.C. § 3613 because a lien in favor of the Government arose on all of Lorick's property and property rights after the Court ordered Lorick to pay restitution. *See United States v. Kelly*, 128 F.4th 387, 431 (2d Cir. 2025) ("A fine, assessment, or restitution order imposed under certain statutes acts as a lien in favor of the government on 'all property and rights to property' of the defendant." (citing 18 U.S.C. § 3613(c)).

II.      Entitlement to Possession

Second, the Government has demonstrated that it is entitled to possession of the funds held in Lorick's MCU and NYCDCP accounts, but it has not shown why those funds must be paid immediately instead of in monthly installments, as ordered at sentencing. The funds in Lorick's MCU account total $39,321, and the funds in Lorick's NYCDCP account total $26,325. *See* Opp. at 1. The Government is entitled to possession of the funds in both of these accounts because they are non-tax-exempt funds that Lorick holds. *See* 18 U.S.C. § 3613(c). Lorick does not dispute that the Government is entitled to funds in his accounts. *See generally* Opp. Lorick does dispute, however, the rate at which the Government seeks to collect the funds, which is by a lump sum distribution of the entire liquidated value of both accounts, rather than in monthly installments. *See* Mem. at 1, 6; Opp. at 3.

---

18 U.S.C. §§ 3664(k), (o) (explaining that "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution" may provide a basis for the Court's adjustment of the payment schedule)); *see also United States v. Shkreli*, 47 F.4th 65, 68, 76 (2d Cir. 2022) (allowing the Government to garnish retirement funds to compensate crime victims pursuant to a restitution order and agreeing with the Government that an early withdrawal tax does not prevent the garnishment of the retirement funds).

4

"Although the restitution order is mandatory, the MVRA grants the court discretion to determine how and when restitution should be collected." *United States v. Burko*, No. 10 Cr. 291, 2023 WL 3195943, at *1 (S.D.N.Y. May 2, 2023); *see also* 18 U.S.C.§ 3664(f)(2).  In its discretion, the Court entered the parties' consent order of restitution on November 12, 2024.  *See* COR.  The order set a schedule for restitution to be paid "in monthly installments of at least [five] percent of the defendant's gross income" and noted that the schedule was "without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. § 3613, to the extent warranted." *Id.* ¶ 2; *see also* Judgment at 5–6.

Although Lorick does not object to turning over the entirety of his MCU account funds, *see* Opp. at 1, the Government has failed to demonstrate that a lump sum payment is required. The Court is not persuaded by the Government's argument that the Court's restitution payment schedule "set a floor, not a ceiling" for its collection of Lorick's restitution obligation.  Reply at 3–4.  As Lorick cites in his opposition, in *Burko*, the Court noted that "almost all other Circuits to address the issue have held that the Government cannot enforce a lien where the restitution order does not make the entire amount of restitution due immediately upon sentencing." 2023 WL 3195943, at *2.

First, the Government's attempts to distinguish the payment schedule in *Burko* and the schedule here fail.  The Government contends that *Burko* is inapposite because the payment schedule there did not include the "at least" qualifier in the payment schedule here.  As Lorick notes, although the COR contains the qualifier "at least," the Judgment does not include the term when setting the restitution payment schedule.  *See* Judgment at 5–6; Opp. at 3.  To the extent the COR and Judgment conflict, the Court construes the COR and Judgment to set a payment schedule that requires Lorick to pay restitution with a minimum of five percent of his gross

monthly income.  Neither the COR nor the Judgment prohibits Lorick from paying more than

that amount, as he already has done.  *See* Opp. at 1 (noting that Lorick has paid more than 50%

of his restitution obligation).  The payment schedule also does not prohibit the Government from

taking further enforcement actions if warranted pursuant to 18 U.S.C. § 3613.  *See* COR ¶ 2.

Nonetheless, the Government has failed to persuade the Court as to why a lump sum payment is

warranted in place of the established payment schedule.  *See* COR ¶ 2.  The Government was

aware that Lorick had access to these funds since the time of sentencing.  *See* Opp. at 3 n.4;

Presentence Rep. ¶ 84, ECF No. 24.  The Government does not explain why it did not seek a

lump sum payment at the time it entered the COR or at sentencing, and it concedes that the Court

set a payment schedule "[b]ecause Lorick was unable to pay $142,000 in full immediately."

Reply at 6.[5]

Second, the Government's argument that the significance of the payment schedule should

be diminished based on the Second Circuit's decision in *Walker* is unpersuasive.  In *Walker*, the

Second Circuit noted that "[t]he significance of that schedule is diminished . . . by the fact that

*the victim* may convert the restitution order into an abstract of judgment for the full amount of

the restitution order."  *United States v. Walker*, 353 F.3d 130, 133 (2d Cir. 2003) (emphasis

added) (citing 18 U.S.C. § 3664(m)(1)(B)).  Here, it is the Government, not the victim, that seeks

a lump sum payment, and the Government does not purport to bring its motion on behalf of the

victim.  *See also* Victim Letter, ECF No. 48-1 (describing the impact of Lorick's conduct on the

New York City Housing Authority and supporting the Government's motion but not seeking to

---

[5] The Government's citation to *United States v. O'Brien* for their argument that "at least" should not limit the Court from ordering Lorick to turn over the full amount of his accounts is also unpersuasive.  In that case, the Second Circuit noted that there was "no legal barrier" to a district court's decision to grant a "lump sum garnishment" where the Government sought a garnishment order pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205.  *United States v. O'Brien*, 851 F. App'x 236, 240–41 (2d Cir. 2021).  The Government does not seek turnover of Lorick's funds pursuant to the FDCPA but instead, pursuant to 18 U.S.C. §§ 3613, 3664(m), Federal Rule of Civil Procedure 69(a)(1), and N.Y. C.P.L.R. § 5225(b).  *See* Mem. at 1.

convert the restitution order into an abstract of judgment for the full amount of restitution); *cf.* 18 U.S.C. § 3664(m)(1)(B) ("An order of restitution may be enforced by the United States . . . [a]t the request of a victim named in a restitution order.").

Third, the Government's argument distinguishing the Court's decision in *Lumiere* fails. In that case, the Court granted a writ of garnishment with respect to funds held in two investment accounts and two retirement accounts to facilitate payments on a fine, not restitution. *See United States v. Lumiere*, No. 16 Cr. 483, 2021 WL 4710778, at *1 (S.D.N.Y. Oct. 7, 2021). The *Lumiere* decision distinguished the persuasive weight of caselaw concerning restitution orders as compared to the caselaw dealing with fines, *see id.* at *2, and other decisions have found *Lumiere* to be distinguishable where a motion seeks turnover of funds to satisfy a restitution obligation instead of a fine, *see United States v. Silver*, No. 20 Cr. 360, 2024 WL 5154075, at *1 (S.D.N.Y. Dec. 18, 2024) ("*Lumiere* . . . is distinguishable since that case involved the collection of a fine where the defendant had sold property and come into possession of its cash value.").

The Court, therefore, adopts the reasoning in *Burko*. If there was some exigency driving the Government's request to turnover the lump sum amount of Lorick's accounts, such as an increase in assets following the sale of real property as in *Lumiere*, "the better course under the statute would be for the Government to move to modify the payment schedule because of the 'material change in the defendant's economic circumstances,' . . . rather than requesting to enforce its lien." *Burko*, 2023 WL 3195943, at *4 (quoting 18 U.S.C. § 3664(k)).

Finally, the Court rejects the Government's contention that the MVRA's "catch-all" provision, 18 U.S.C. § 3664(m)(1)(A)(ii), should permit it to collect the full lump sum of Lorick's MCU and NYCDCP accounts. *See* Reply at 4. Section 3664(m)(1)(A)(ii) permits the Government to enforce a restitution order "by all other available and reasonable means," but, for

7

the reasons stated above, the Court is not convinced that the full liquidation of Lorick's accounts is "reasonable" within the meaning of the provision in light of the payment schedule set forth in the COR and Judgment, and because the Government has provided no reason why Lorick's payment schedule should be altered at this time. *See Burko*, 2023 WL 3195943, at *3 ("The Court finds that the Government's reliance on its statutory lien is untenable because allowing it to enforce the lien in the absence of a judgment from this Court making Burko's restitution due immediately would render the MVRA's detailed scheme superfluous."); *United States v. Price*, No. 17 Cr. 301, 2023 WL 4599841, at *4 (E.D.N.Y. July 18, 2023) ("Where a restitution order does not contain . . . language [requiring immediate payment] and the defendant complied with a payment schedule established in the order, a Judgment cannot be collected in full.").

## CONCLUSION

For the reasons set forth above, the Government's motion is DENIED without prejudice to the Government seeking to modify the restitution schedule pursuant to 18 U.S.C. § 3664(k). By **March 6, 2026**, the Government shall serve MCU and NYCDCP with a copy of this order. By **March 11, 2026**, the Government shall file proof of service of the same on the docket. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 42.

SO ORDERED.

Dated: February 20, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

8