UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               Judgment Creditor,

      v.

NIRMAL LORICK,

               Judgment Debtor,

and

MUNICIPAL CREDIT UNION,

          Third-Party Respondent.

24 CR 340 (AT)

### MEMORANDUM OF LAW
### IN SUPPORT OF THE GOVERNMENT'S MOTION FOR
### MODIFICATION OF PAYMENT SCHEDULE AND TURNOVER ORDER

JAY CLAYTON
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2711
Email:  melissa.childs@usdoj.gov

Of Counsel:

MELISSA A. CHILDS
Assistant United States Attorney

**PRELIMINARY STATEMENT**

The United States ("the Government") moves, with notice to the judgment debtor, Nirmal Lorick, and the victim of his crime, the New York City Housing Authority ("NYCHA"), for the following relief: (1) modification of the payment schedule in the judgment under 18 U.S.C. § 3664(k) to make the restitution to NYCHA due immediately; and (2) entry of a turnover order under 18 U.S.C. §§ 3613, 3664(m), Federal Rule of Civil Procedure 69(a)(1), and N.Y. CPLR § 5225(b), directing the third party respondent, Municipal Credit Union ("MCU") to submit payment of $22,762.32 from Lorick's savings account to the Clerk of Court to immediately satisfy the restitution owed to NYCHA.

**PROCEDURAL HISTORY**

For years, Lorick solicited and accepted bribes for contractors to receive no-bid contracts from NYCHA. *See* Information (Dkt. 17). On November 12, 2024, the Court sentenced Lorick to one year of probation and imposed a $100 special assessment and $142,000 in restitution to NYCHA for his violation of 18 U.S.C. § 666(a)(1)(B).[1] *See* Judgment (Dkt. 54). The Court's judgment required Lorick to pay restitution in monthly installments of 5% of gross monthly income, while the *consent* order of restitution executed by the parties and entered by the Court on the same day as the judgment contemplated that Lorick would pay monthly installments of *at least* 5% of gross income, *without prejudice to the Government* taking enforcement action as warranted to make full restitution to NYCHA. *Compare* Judgment (Dkt. 35, p. 6) *with* Consent Order of Restitution (Dkt. 34, ¶ 2) (emphasis supplied).

---

[1] The Court also imposed a separate $142,000 forfeiture money judgment (Dkt. 20), which represents the proceeds of Lorick's crime, not the loss that NYCHA suffered. *United States v. Torres*, 703 F.3d 194, 203-05 (2d Cir. 2012) (citing *United States v. Pescatore*, 637 F.3d 128, 138 (2d Cir. 2011) ("[f]orfeiture and restitution are separate remedies with different purposes")); *United States v. Cohan*, 798 F.3d 84, 89 (2d Cir. 2015) (holding that defendant with sufficient assets must satisfy his restitution obligation separate and apart from any forfeited funds).

To secure its interest in Lorick's substantial nonexempt personal property, the Government served N.Y. CPLR § 5222 Restraining Notices on third-party respondents, MCU and the City of New York Deferred Compensation Fund ("NYCDCP"). *See* Government's Declaration (Dkt. 43, ¶ 5). MCU answered that it holds approximately $39,321 in a savings account belonging to Lorick. *Id.* ¶ 6. NYCDCP answered that it holds approximately $26,325, subject to market fluctuation, in a 457 Plan account belonging to Lorick. *Id.* ¶ 7. Accordingly, the Government restrained the total sum of $65,646 in Lorick's nonexempt savings at MCU and retirement funds at NYCDCP.[2]

The Government became solely responsible for the collection of Lorick's restitution when Lorick's supervision by the United States Probation Office ended on November 11, 2025. *Compare* 18 U.S.C. § 3563 (payment of restitution as a condition of probation) *with* 18 U.S.C. § 3612(c); 3771(c) (requiring the Attorney General to collect restitution for crime victims).[3] To date, Lorick has paid $124,000 toward the judgment, and the unpaid restitution balance is $22,762.32. *See* Payment History Report attached as Exhibit A.

Six months ago, pursuant to 18 U.S.C. §§ 3613, 3664(m), Federal Rule of Civil Procedure 69(a)(1), and N.Y. CPLR § 5225(b), the Government filed a motion for turnover order seeking the liquidation of Lorick's accounts at MCU and NYCDCP to apply those funds toward the restitution owed to NYCHA.[4] *See* Motion, Declaration, and Memorandum (Dkts. 42-44, 47). Notably, Lorick did not object to the requested turnover order for funds from his MCU savings account to be

---

[2] Because these funds exceed the amount needed to satisfy the restitution owed to NYCHA, the Government may seek a substitute asset order for surplus funds held by MCU and NYCDCP toward the unpaid forfeiture money judgment in accordance with 21 U.S.C. § 853(p).

[3] To comply with the Crime Victim Rights Act ("CVRA"), the Government has notified NYCHA of this motion so it may be heard before the Court enters a dispositive order that affects its right to full and timely restitution as provided in law. *See* 18 U.S.C. § 3771(a).

[4] At that time, Lorick had paid $53,700 toward the judgment, for which the unpaid restitution balance was $92,054.54. As of March 4, 2026, Lorick has paid $124,000, and the unpaid restitution is $22,762.32.

**USA Memorandum in Support of Motion to Modify Payment Schedule – Page 3**

applied toward his unpaid restitution. *See* Response (Dkt. 46). Lorick did oppose the motion for turnover order regarding his NYCDCP retirement funds as enforcement of beyond the payment schedule in the judgment, despite the parties' Consent Order of Restitution, which provided that the payment schedule would not prejudice Governmental collection efforts. *See id.* Two weeks ago, the Court denied the Government's motion for a turnover order in its entirety without prejudice to the Government seeking to modify the restitution schedule pursuant to 18 U.S.C. § 3664(k). *See* Order (Dkt. 51).

Accordingly, the Government now seeks to make Lorick's restitution to NYCHA due immediately via two of its cumulative statutory remedies: (1) modification of the payment schedule under 18 U.S.C. § 3664(k) based on a material change in the defendant's economic circumstances; and (2) a turnover order, pursuant to 18 U.S.C. §§ 3613, 3664(m)(1)(A)(ii), Federal Rule of Civil Procedure 69(a)(1), and N.Y. CPLR § 5225(b), directing MCU to submit payment of $22,762.32 from Lorick's savings account to the Clerk of Court to immediately satisfy the restitution owed to NYCHA. The requested relief should be granted because the Crime Victim Rights Act ("CVRA") requires the Government and this Court to afford the victim's right to full and timely restitution as provided in law, 18 U.S.C. §§ 3771(a)(6), (b)(1), (c)(1), and NYCHA has specifically asserted that right and requested that the Court order the restitution to be due and payable immediately. *See* Victim Letter (Dkt. 48-1). Moreover, the Mandatory Victim Restitution Act ("MVRA") requires that restitution shall be paid in the shortest time in which full payment can be reasonably made, 18 U.S.C. §§ 3664(f)(2); 3572(d)(2), and authorizes the Government to use all available and reasonable means to ensure that defendants promptly and completely satisfy restitution obligations to victims, 18 U.S.C. § 3664(m)(1)(A).

## ARGUMENT

**I.      The payment schedule should be modified to make restitution due immediately.**

Title 18 U.S.C. § 3664(k) provides, in pertinent part, that upon notice of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," the Court may "adjust the payment schedule or require immediate payment in full, as the interests of justice require."[5] Determining whether a "material change" has occurred requires "an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000).

Before sentencing, the United States Probation Office ("USPO") prepared a presentence report to the Court regarding Lorick's economic circumstances based on financial disclosures that he made to USPO. *See* Presentence Report ("PSR") (Dkt. 24). According to the PSR dated August 15, 2024, the total value of Lorick's assets was $841,614, comprised of 9% in liquid assets (*i.e.*, $78,211 total cash on deposit at financial institutions, including $39,303 in Lorick's individually owned savings account at MCU, and $38,908 in a jointly owned checking account at TD Bank) and 91% in illiquid assets that would need to be borrowed against or sold to raise cash (*i.e.*, personal and real property with a total value of $746,897, including $25,097 in Lorick's individually owned NYCDCP retirement account, two vehicles, and $690,000 in a jointly owned primary residence). PSR, ¶ 84.

Since the Court sentenced Lorick 16 months ago—to his credit—he has made payments totaling $124,000, which exceeded the minimum required by the schedule and reduced his restitution liability to NYCHA to $22,762.32. Lorick's available liquid assets—namely the cash

---

[5] Pursuant to 18 U.S.C. § 3664(k), the Government certifies that it has notified NYCHA of the material change in Lorick's economic circumstances given that he now has the ability to pay the restitution balance in full immediately.

on deposit in his MCU savings account—are now more than enough to immediately satisfy the unpaid restitution to NYCHA.

Objectively, at the time of sentencing, Lorick owed NYCHA $142,000 in unpaid restitution, and his only individually owned liquid asset was $39,303 in cash on deposit at MCU (that was 28% of the liability available to pay immediately). Today, Lorick owes NYCHA $22,762.32 in unpaid restitution, and he now has $39,321 in his MCU savings account (that is 173% of the liability available to immediately satisfy the unpaid balance and make NYCHA whole). Consequently, in the interests of justice, the Court should honor the victim's right to full and timely restitution—which NYCHA has asserted—by modifying the payment schedule to make the restitution due immediately. 18 U.S.C. §§ 3664(k); 3771(a)(6).

In denying even the unopposed portion of the turnover motion,[6] the Court observed that Government provided no reason why immediate payment was warranted. Order (Dkt. 51), 8. The Government, which has statutory duties to collect restitution on behalf of victims, begs to differ. Restitution in the full amount of NYCHA's loss is mandatory. 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(ii); 3664(f)(1). The MVRA *requires* that if a restitution order permits other than immediate payment, *the length of time over which scheduled payments will be made shall be the shortest time in which full payment can reasonably be made.* 18 U.S.C. §§ 3572(d)(2); 3664(f)(2) (emphasis supplied). In addition to the MVRA, Congress further emphasized the rights that the Department of Justice and this Court must afford to crime victims in the CVRA, including the right to *full and timely restitution*. *See* 18 U.S.C. §§ 3771(a)(6) (victim's substantive right); 3771(b)(1)

---

[6] Indeed, post-judgment, Lorick did not object to turning over the MCU savings funds in response to the Government's last motion. Response (Dkt. 46). Lorick objected to the liquidation of his NYCDCP retirement funds based on the resulting tax liability and hardship, but the Court rejected those arguments. Order (Dkt. 51), n. 4.

(court's duty); 3771(c)(1) (Government's duty); and 3771(d)(3) (victim's procedural right to seek mandamus if the district court denies a victim's right to full and timely restitution).

The Court noted that "[t]he Government was aware that Lorick had access to these funds since the time of sentencing[,] . . . does not explain why it did not seek a lump sum payment at the time it entered the [consent order of restitution] at sentencing, and it concedes that the Court set a payment schedule '[b]ecause Lorick was unable to pay $142,000 in full immediately.'" Order (Dkt. 51), 6. To be sure, the Government and the Court received a summary of the defendant's assets listed by USPO in the PSR. 18 U.S.C. §§ 3664(a), (d)(3)-(4); PSR (Dkt. 24), ¶ 84. Yet further discovery and detailed fact-finding regarding the scope of the defendant's interest in the identified property, including terms and conditions for liquidation or withdrawal and various interests of third parties, such as co-owners and lienholders, is often necessary for the Government and the Court to determine whether, when, and how that property may be applied toward the defendant's restitution obligation.[7]

To the extent that the Government could or should have taken steps to seek immediate payment from Lorick's nonexempt retirement and savings accounts at sentencing,[8] NYCHA should not suffer the lack of full and timely restitution as provided in law due to any misstep by the Government when the MVRA has expressly made multiple procedural post-judgment mechanisms available to the Court and the Government in 18 U.S.C. §§ 3664(m)(1)(A)(i)-(ii) to make victims whole via the cumulative remedies provided therein. *See In re Davis*, 146 F.4th 710,

---

[7] For example, the PSR did not indicate whether the funds in Lorick's 457 Plan account were immediately available to him. The NYCDCP's response to the Government's Restraining Notice and Subpoena revealed that since Lorick had retired from NYCHA, that lump sum could be withdrawn without penalty, regardless of age, subject to income taxes. Govt. Decl. (Dkt. 43, ¶ 7; Ex B).

[8] The Government understood the agreed upon terms in the Consent Order of Restitution (Dkt. 34) executed by the parties and entered by the Court had set a *minimum* schedule of payments of *at least* 5% of Lorick's gross monthly income and authorized enforced collection from his available nonexempt assets following *United States v. O'Brien*, 851 F. App'x 236 (2d Cir. 2021).

719-20 (9th Cir. 2025) (granting victims' CVRA petition for mandamus and holding that the procedural provisions of the CVRA and MVRA must be applied to afford victims the substantive right to full and timely restitution).[9]

## II.    Turnover of the defendant's nonexempt assets to immediately satisfy restitution serves the interests of justice.

Consistent with 18 U.S.C. § 3664(k), in the interests of justice, Lorick's restitution should be due immediately, and the Court should order turnover of his nonexempt funds to pay NYCHA in full.[10] As the Court previously held, the Government has established Lorick's interest in the funds held in the MCU savings account and the Government's right to possess those funds. *See* Order (Dkt. 51), p. 4. To afford NYCHA its right to full and timely restitution—a statutory right that it has asserted under the CVRA—the immediate turnover of $22,762.32 from the nonexempt funds currently available in Lorick's MCU savings account serves the interests of justice. *See* 18 U.S.C. § 3771(a)(6) (victim's right to full and timely restitution); *id.* §§ 3572(d)(2); 3664(f)(2) (schedule shall be the shortest time in which full payment can reasonably be made), 3664(k) (on the motion of any party, including the victim, the court may require immediate payment in full, as the interests of justice require).

## CONCLUSION

For the foregoing reasons, the Court should grant the Government's motion to (1) modify the payment schedule under 18 U.S.C. § 3664(k) to make the restitution due

---

[9] Although *Davis* involved the procedure in § 3664(d)(5) for the determination of the full amount of restitution, the Ninth Circuit's thorough statutory analysis should apply with equal force to other procedural provisions of the MVRA, including those in §§ 3664(f), (k), (m)(1)(A)(i)-(ii).

[10] In the interests of judicial economy, the Government respectfully adopts and realleges its Motion, Declaration, Memorandum, and Reply in Support of its Motion for Turnover Order (Dkts. 42-44, 47) regarding the nonexempt funds held in Lorick's MCU savings account to immediately satisfy his restitution and make NYCHA whole.

immediately; and (2) enter a turnover order under 18 U.S.C. §§ 3613, 3664(m), Federal Rule of Civil Procedure 69(a)(1), and N.Y. CPLR § 5225(b), directing MCU to submit payment of $22,762.32 from Lorick's savings account to the Clerk of Court in full satisfaction of the restitution owed to NYCHA.

Dated:   New York, New York
         March 9, 2026

                              Respectfully submitted,

                              JAY CLAYTON
                              United States Attorney

                   By:   */s/ Melissa A. Childs*
                         MELISSA A. CHILDS
                         Assistant United States Attorney
                         86 Chambers Street, 3rd Floor
                         New York, New York 10007
                         Tel.:  (212) 637-2711
                         E-mail: melissa.childs@usdoj.gov